## EDGAR WISELEY v. STATE.

No. A-10200.   Nov. 12, 1942.
(130 P. 2d 851.)

S. E. Harper, of Lawton, for plaintiff in error.
Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Comanche county on the 25th day of January, 1941, Edgar Wiseley did then and there willfully and unlawfully have in his possession 19 pints of whisky and 14 half pints of whisky, with the unlawful intent on the part of him to sell the same.

The record shows that when the case was called for trial, the defendant waived his right to a jury trial, and it was agreed by and between the parties to try the case to the court. The trial resulted in a conviction. Motion for new trial was duly filed, presented, and overruled. On September 15, 1941, the court pronounced judgment and sentenced the defendant to serve 60 days in the county jail and to pay a fine of $100 and costs.

From the judgment the defendant appealed by filing in this court on December 15, 1941, a petition in error with case-made.

No brief has been filed and no appearance made in behalf of plaintiff in error in this court. When the case was called for final submission, July 17, 1942, it was submitted on the record.

This court has repeatedly held in numerous decisions that where a defendant appeals from a judgment of conviction and no brief in support of the petition in error is submitted, and no appearance for oral argument made, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony. This court will examine the record proper for jurisdictional errors. If no fundamental error appears, and the evidence is sufficient to sustain the conviction, the judgment will be affirmed.

We have examined the record and find that the information is sufficient to charge the offense of illegal

possession of intoxicating liquor, and the evidence is amply sufficient to sustain the judgment and sentence, and no testimony was given by the defendant, or by any witness in his behalf. Both parties rested at the close of the case for the state. On the record before us, we have discovered no error which would warrant a reversal of the judgment. The judgment of the county court of Comanche county is accordingly affirmed.

BAREFOOT, P. J., and JONES, J., concur.